UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| CHADRICK COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO.: 2:13-CV-135 |
| | ) |
| LVNV FUNDING, LLC, and | ) |
| BUFFALOE & ASSOCIATES, PLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., case is before the Court the address the Motion for Judgment on the Pleadings filed by LVNV Funding, LLC ("LVNV") and Buffaloe & Associates, PLC, ("Buffaloe")(collectively "defendants") filed pursuant to Federal Rule of Civil Procedure 12(c). [Doc. 16]. In their motion, defendants seek dismissal of all of plaintiff's claims arising under the FDCPA for failure to state a claim upon which relief may be granted based upon the rulings of this Court in *Robert Bradford v. LVNV Funding, LLC, et al.*, Case No.2:11-cv-291 (Doc.156, Feb.25,2014); *Carl Sells v. LVNV Funding, LLC, et al.*, Case No.2:11-cv-355(Doc.150, March 5, 2014); *Lorinda Smith v. LVNV Funding, LLC, et al.*, Case No.2:11-cv-379 (Doc.154, March 31, 2014); *Mary Smith v. LVNV Funding, LLC, et al.,Case No.2:11-cv-356 (Doc. No. 329,* March 10,2014*)2;* and *William Melvin v. PYOD, LLC, et al., Case No.2:11-cv-288* . In each of these cases, the court found that (1) neither the civil warrant nor the sworn affidavit were false, deceptive or misleading in violation of the

FDCPA; and (2) LVNV does not engage in collection activities itself, but instead relies on licensed attorneys to engage in collection activities, and therefore is not required to hold a Tennessee collection service license. See, e.g., *Bradford*, Doc. 156 at pp.7-8, 18-20.

On July 21, 2014, the plaintiff filed a motion for an extension of time to respond to the defendants' motion, [Doc. 20], and, on July 22, 2014, the Court granted plaintiff's request and ordered that plaintiff's response to the motion be filed by July 28, 2014. [Doc. 21]. The plaintiff has failed to file a response, and pursuant to LR7.2 of the Local Rules of the United States District Court for the Eastern District of Tennessee "[f]ailure to respond to motion may be deemed a waiver of any opposition to the relief sought." For the reasons stated below, the defendants' motion for judgment on the pleadings will be GRANTED.

## I. BACKGROUND

Buffaloe, a law firm, filed a Civil Warrant and Affidavit against Chadrick Collins in the General Sessions Court for Hawkins County, Tennessee, in an attempt to collect a debt Collins owed to LVNV. The Affidavit attached to the Civil Warrant was signed by Leia Rigg, an authorized representative of LVNV.

Notwithstanding the affiant's testimony contained in the Rigg Affidavit, plaintiff alleges that the defendants (1) did not have competent evidence that plaintiff owed the debt, (2) deliberately refrained from obtaining any documentation of the debt, and (3) failed to conduct an adequate investigation before filing the collection lawsuit. Plaintiff further alleges that the Rigg Affidavit is a false representation made without knowledge of the facts underlying the debt. Plaintiff alleges that defendant LVNV failed to include "mini-Miranda" language in the Civil Warrant or Affidavit and that Defendants failed to send a written validation of the debt.

2

Finally, plaintiff alleges that LVNV's lack of a "collection service" license in Tennessee violated the FDCPA. Based on the above, plaintiff contends that defendants violated the following sections of the FDCPA :

- Defendants falsely represented the character, amount, and legal status of plaintiff's debt, in violation of 15U.S.C .§ 1692e(2)(A );

- Defendants falsely represented the compensation which may be legally received by A debt collector for the collection of a debt, in violation of 15 U.S.C .§ 1692e(2)(B );

- Defendants' false representations were used in an attempt to collect plaintiff's debt, in violation of 15U.S.C .§ 1692e(10);

- Defendants communicated to the General Sessions Court, the general public and plaintiff credit information that they knew, or should have known, to be false, in violation of 15U.S.C. § 1692e(8 );

- Defendants used unfair or unconscionable means to collect or attempt to collect a debt in violation of 15U.S.C .§ 1692f;

- Defendants threatened to take action that could not legally be taken, in violation of 15 U.S.C .§ 1692e(5);

- Defendants failed to send a written notice containing the amount of the debt within five days after the initial communication, in violation of 15 U.S.C .§ 1692g(a)(1),(3)-(5) and

- Defendants failed to include the F D C P A 's "mini-Miranda" language in their initial communication, pursuant to15U.S.C .§ 1692e(11).

## II.    STANDARD OF REVEW

For purposes of a Rule 12(c) motion, all well-pleaded material allegations "must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly

3

entitled to judgment." *Tucker v. Middleburg–Legacy Place*, 539 F.3d 545, 549 (6th Cir.2008). (quoting *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 581 (6th Cir.2007)). A Rule 12(c) motion is appropriately granted "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.* (quoting *Winget,* 510 F.3d at 582).

In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (brackets and internal citations omitted). In *Erickson v. Pardus,* 551 U.S. 89 (2007) (per curiam), decided two weeks after *Twombly,* the Supreme Court affirmed that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.' " *Erickson,* 551 U.S. at 93 (internal quotation marks and ellipsis omitted) (quoting *Twombly,* 550 U.S. at 555). When reviewing a motion for judgment on the pleadings pursuant to Rule 12, this Court "read[s] the *Twombly* and *Erickson* decisions in conjunction with one another." *Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291,295–96 (6th Cir. 2008).

Accordingly, to survive a Rule 12(c) motion to dismiss, the well-pled allegations (taken as true) must raise a right to relief above the speculative level but need not go beyond "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

### III. ANALYSIS

The FDCPA was passed to eliminate "abusive, deceptive, and unfair debt collection practices." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting 15 U.S.C. §

4

1692(a)). The Sixth Circuit has noted that the act is "extraordinarily broad" and must be enforced as written, even when eminently sensible exceptions are proposed in the face of an innocent and/or *de minimis* violation. *See Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992). While § 1692e lists a number of examples of false or misleading representations, the text of the statute itself indicates that the examples are not meant to limit its prohibition on the use of false, deceptive or misleading representations in connection with the collection of a debt. 15 U.S.C. § 1692e. Likewise, § 1692f contains the same language, making clear that the examples set forth therein do not "limit[ ] the general application" of its prohibition on the use of unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f. The Seventh Circuit recently observed that the phrase "unfair or unconscionable" used in § 1692f "is as vague as they come." *Beler v. Blatt, Hasenmiller, Leibsker & Moore*, 480 F.3d 470, 474 (7th Cir. 2007).

In assessing whether particular conduct violates the FDCPA, courts apply "the least sophisticated consumer" test to objectively determine whether that consumer would be misled. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006); *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1029 (6th Cir. 1992). The least sophisticated consumer test is designed "to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008) (quotations and citation omitted).

### A. Civil Warrant and Affidavit

The defendants move for judgment on the pleadings on all causes of action under several FDCPA sections related to defendants' filing of the civil warrant and affidavit. A recent Sixth Circuit opinion dooms plaintiff's claim that Rigg's affidavit in the state court collection action

5

was false and misleading.  *See Clark v. Main Street Acquisition Corp.*, 553 Fed. Appx. 510 (6th Cir. 2014).  In the affidavit, Riggs states that she has "personal knowledge" of LVNV's business records "including computer records of its accounts receivables," and those records include records provided by the original creditor to LVNV.  This, claims plaintiff, falsely gives the impression that Riggs has personal knowledge of the facts contained in the affidavit and that the "records" she received were properly authenticated documents from LVNV and the original creditor.

In *Clark*, the plaintiff made these same claims with regard to a very similar affidavit.  The Sixth Circuit disagreed, stating, "[The affiant's] claims of personal knowledge referred to Main Street's business records, which included the original lender's records.  Such a statement is permitted by the [FDCPA]."  *Id.* at 516.  Such an affidavit is not "inaccurate or misleading," and, even if it was, the "representation was still not material" because the "least sophisticated consumer understands that lenders and debt collectors will by necessity have to rely on business records they may not have personally created . . ."  *Id*.

This Court concludes that the plaintiff has failed to state a claim on which relief may be granted based on his allegations that Rigg's affidavit in the state court collection action was false and misleading in violation of the FDCPA.  For the reasons set forth above, the defendants' motion for judgment on the pleading as to these claims is **GRANTED**.

**B. "Mini Miranda" Language**

In his Complaint, plaintiff alleges that the defendants violated 15 U.S.C .§ 1692e(11) because the Affidavit and Civil Summons served on him did not include "mini-Miranda" language specifying that the communication was from a debt collector which is required in all initial communications with a consumer.   However, the FDCPA specifically exempts legal

6

pleadings, and the affidavit of indebtedness and the civil summons required to be attached to the civil warrant are part and parcel of that pleading.   15 U.S.C .§ 1692e(11) provides:

> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that **this paragraph shall not apply to a formal pleading made in connection with a legal action.**

Thus, the plaintiff has failed to state a claim for a violation of 15 U.S.C. § 1692e(11).

### C. Validation Notice

Plaintiff claims that, within five days after service on him of the Civil Summons and Rigg Affidavit, which he claims to be "initial communications" for purposes of the statute, defendants should have sent him a written notice pursuant to 15 U.S.C .§ 1692g(a) that disclosed the amount of the debt and plaintiff's right to dispute the debt. Plaintiff's reading of the statute appears to be selective. Like § 1692e(11), discussed above, formal pleadings are exempted from the written notice requirement of § 1692g(a).  Section 1692g(d ) specifically says that  "[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a)."  Therefore, the Court FINDS that the plaintiff also failed to state a claim under § 1692g(a).

### D.  Licensing Requirement

The defendants also move for judgment on the pleadings on plaintiff's claim based on failure to obtain a license as a collection service under Tennessee law, in violation of sections 1692e(5), 1692f and 1692f(1).  The defendants allege that a license is not required, relying on this Court's prior decisions and the opinion of the Tennessee Collection Service Board ("the

7

Board"). Through the issuance of a "Clarification Statement" by the Board in January 2009 and reaffirmed by the Board in May 2012, the Board found that certain "passive" debt buyers are not deemed a collection service by the Board.[1]

The Tennessee Collection Service Act ("TCSA") provides that "[n]o person shall commence, conduct or operate any collection service business in this state unless the person holds a valid collection service license issued by the board under [the TCSA] or prior state law." Tenn.Code Ann. § 62–20–105(a). Section 103 provides an exception for attorneys and those entities who are collecting solely on those debts incurred in the normal course of business. *Id*. § 62–20–103. The TCSA defines "collection service" as follows:

> . . . any person that engages in, or attempts to engage in, the collection of delinquent accounts, bills or other forms of indebtedness irrespective of whether the person engaging in or attempting to engage in collection activity has received the indebtedness by assignment or whether the indebtedness was purchased by the person engaging in, or attempting to engage in, the collection activity.

Tenn.Code Ann. § 62–20–102(3). In *Smith v. LVNV Funding, LLC*, 894 F.Supp.2d 1045, 1049 (E.D. Tenn. 2012) (Greer, J.), this Court held that the failure to obtain the necessary licensing could give rise to a FDCPA violation for threatening and/or taking legal action which it was not authorized to do, relying on *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010). The issue presented here is rather simple in its terms, i.e., is LVNV required to have a state collection service license? If the answer to this simple question is "no," then there can be no FDCPA violation, and LVNV is entitled to judgment on the pleadings.

---

[1] The Board, which has been delegated authority to promulgate rules concerning the conduct of collection services, see Tenn. Code Ann. § 62-20-115(b)(1), does not appear to have been acting under its rulemaking authority when it issued the Clarification Statement but rather offering the Board's "collective opinion on the subject." *See King v. Midland Funding LLC*, No. 2:11-CV-120 (E.D. Tenn. Aug. 30, 2012).

The facts in this case are undisputed. LVNV is an asset holding company and owns accounts receivable, such as plaintiff's account in this case. Plaintiff's delinquent account was assigned to LVNV in 2010. LVNV does not send collection letters and does not make telephone calls to debtors. LVNV does report credit information to the three major credit reporting agencies.

All collection activities on LVNV's delinquent accounts are undertaken by Buffaloe, a law firm licensed in Tennessee, to collect on plaintiff's account. Buffaloe decides which collection activities to undertake and determines whether to ultimately file suit. In this case, Buffaloe filed the civil warrant and affidavit of indebtedness and ownership of account, prepared and signed by LVNV's authorized representative, in the General Sessions Court, naming plaintiff as the defendant and LVNV, assignee of HSBC Bank Nevada National Association as plaintiff. .

The TCSA requires a collection service license before any person may "commence, conduct or operate" a "collection service business." Tenn. Code Ann. § 62-20-105(a). "Collection service" is broadly defined as "engag[ing] in, or attempt[ing] to engage in, the collection of delinquent accounts . . .," regardless of whether the person "engaging in, or attempting to engage in collection activity" acquired the indebtedness by assignment or by purchase. Tenn. Code Ann. § 62-20-102(3). The definition specifically includes:

> . . . .
>
> (D) Any person who engages in the solicitation of claims or judgments for the purpose of collecting or attempting to collect claims or judgments or who solicits the purchase of claims or judgments for the purpose of collecting or attempting to collect claims or judgments by engaging in or attempting to engage in collection activity relative to claims or judgments.

Tenn. Code Ann. § 62-20-102(3)(D) Neither "collection" nor "collection activity" is defined in the Act.

9

It appears beyond dispute that LVNV is a legal entity which purchases accounts or judgments for the purpose of collecting or attempting to collect them. LVNV argues, however, that it does not "engage" in "collection" or "collection activity." More specifically, LVNV argues that it does not involve itself, or take part in, the act of collecting, *i.e*., securing payment, but rather that all collection/collection activity is undertaken by others, namely, Buffaloe, a law firm, which services and manages LVNV's accounts.

A statement, issued as the collective opinion of the Board rather than pursuant to the Board's rule making authority, *see* Tenn. Code Ann. § 62-20-115(b)(1), reads:

> It is currently the opinion of the Tennessee Collection Service Board that entities who purchase judgments or other forms of indebtedness will be deemed a "collection service" if they collect or attempt to collect the debt or judgment subsequent to their purchase of the debt or judgment. However, entities who purchase debt or judgments in the manner described above but who do not collect or attempt to collect the purchased debt or judgment, but rather assign collection activity relative to the purchased debt to a licensed collection agency or a licensed attorney or law firm shall not be deemed to be a "collection service."

Tennessee Collection Service Board, *Clarification Statement of the Tennessee Collection Service Board Regarding Debt/Judgment Purchasers and 'Passive' Debt Buyers*, http://www.tn.gov/regboards/collect/documents/CSBCLARIFICATIONSTATEMENTREGARDINGDEBT.pdf. The Board reaffirmed the Clarification Statement in May, 2012 and stated that the statement "would currently stand as written."

Under the circumstances of this case, the Court is persuaded by LVNV's argument and once again holds that an entity that does not engage in collection activities itself but relies on

licensed attorneys to conduct those activities[2] need not be licensed pursuant to the TCSA, and LVNV's failure to obtain the license does not constitute a violation of the FDCPA.

**IV. CONCLUSION**

For the reasons set forth above, the defendants' motion for judgment on the pleadings is **GRANTED**, [Doc.16], and plaintiff's complaint will be **DISMISSED**.

So ordered.

ENTER:

                                                s/J. RONNIE GREER
                                      UNITED STATES DISTRICT JUDGE

---

[2] Although not clear to the Court, this may be what the Board means by a "passive" debt buyer, i.e. one that undertakes no collection activity itself.